UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH J. SHELTON,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY KRUG,<br><br>        Defendant. | Case No. 1:25-cv-665 (TNM) |

**MEMORANDUM OPINION**

Ten months ago, Joseph Shelton filed this action under the Employee Retirement Income Security Act ("ERISA") against Kelly Krug to collect contributions owed to an employee benefit plan. Krug never appeared. So Shelton now seeks default judgment. For the following reasons, the Court will grant that motion.

**I.**

Joseph Shelton is the chief executive officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("the Fund"). Compl. ¶ 1, ECF No. 1. The Fund provides retirement benefits to employees covered by collective bargaining agreements between employers and International Union's local affiliates. *Id*.

This case involves one such agreement. It covers Unit Service Workers in the Buffalo Public School System and runs between the employees' union and their employers' union. *See id.* ¶¶ 6, 10. Kelly Krug employs Unit Service Workers in Buffalo schools and is bound by the agreement. *Id.* ¶¶ 2, 7–9.

Under the collective bargaining agreement, Krug must comply with the Fund's Restated Agreement and Declaration of Trust ("Trust Agreement"). *Id.* ¶ 7; *see* Ex. A to Shelton Decl.

1

("Trust Agreement"), ECF No. 9-3; Ex. B to Shelton Decl. ("Collective Bargaining Agreement"), ECF No. 9-3.  That agreement requires employers to make monthly contributions for covered employees to the Fund.  Shelton Decl. ¶¶ 7, 9, ECF No. 9-3.  Because the amount due depends on the hours an employee worked, employers must also submit monthly reports summarizing hours worked and contributions due.  *Id.* ¶ 7.  "Contributions are due within thirty days following the month in which the work was performed."  *Id.*

The Trust Agreement also creates enforcement mechanisms.  First, the Fund can audit employer records "to ensure the accuracy of reports and Contributions."  Trust Agreement § 4.4(a).  Second, the Fund can sue to compel missed contributions or reports.  *Id.* § 4.3.  Finally, an employer who misses payments is liable for collection costs, including attorney's fees, interest, and liquidated damages.  *See id.* § 4.5.  The agreement authorizes Shelton to sue on the Fund's behalf as its CEO.  *Id.* § 4.3.

Invoking these provisions, Shelton sued Krug—who he says has fallen behind on her duties.  *See* Compl. ¶ 10.  He points to three problems.  First, Krug did not make reports or contributions for Buffalo Public School 43 Unit Service Workers from April 2022 to November 2023.  *Id.*  Second, she has not reported or paid contributions for Buffalo Public School 12 Unit Service Workers since January 2019.  *Id.*  Finally, she has not reported or paid contributions for Buffalo Public School 46 Unit Service Workers since January 2022.  *Id.*  Shelton asks the Court to order Krug to provide the missing contributions and reports.  *See id*. ¶¶ 14, 15–17.  He also seeks an order allowing the Fund to audit Krug's records.  *Id.* ¶¶ 18–20.

Despite timely service, Krug never responded to the Complaint.  *See* Return of Service, ECF Nos. 4, 5.  At Shelton's request, the Clerk entered default against Krug.  ECF No. 8.  Krug

2

has not moved to set aside this default or otherwise appeared.  Shelton now seeks default judgment.  *See* Pl.'s Mot. for Default J. ("Pl.'s Mot."), ECF No. 9.

## II.

Rule 55 sets forth a two-step process for default judgment.  First, the Clerk enters a default if the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The plaintiff then moves for default judgment.  Fed. R. Civ. P. 55(b).  If the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," he must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(1), (2).

Whether to enter default judgment is committed to the district court's discretion.  *Bricklayers & Trowel Trades Int'l Pension Fund v. Kel-Tech Constr., Inc.*, 319 F. Supp. 3d 330, 338 (D.D.C. 2018).  To make that decision, the Court conducts both a liability inquiry and damages inquiry.  The first assessment is narrow.  The "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Fanning v. Permanent Sol. Indus.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (cleaned up).  If those facts justify liability, the Court then must "make an independent determination of the sum to be awarded."  *Fanning v. AMF Mech. Corp.*, 326 F.R.D. 11, 14 (D.D.C. 2018) (cleaned up).  For that assessment, the Court can rely on "detailed affidavits or documentary evidence."  *Id.* (cleaned up).  And the plaintiff must prove damages "to a reasonable certainty."  *Id.* (cleaned up).

## III.

### A.

Start with liability.  Default judgment is appropriate when an opposing party is "totally unresponsive."  *See Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (cleaned up).  That is true here.  Krug did not respond to the Complaint or this default

3

judgment motion. Nor has she moved to set aside the default. *Accord AMF Mech. Corp.*, 326 F.R.D. at 14. So the Court need only determine whether Shelton's allegations establish liability. *See Downs v. JSP Cos., Inc.*, 297 F. Supp. 3d 163, 168 (D.D.C. 2018). They do.

First, Shelton established Krug's liability for delinquent contributions. ERISA requires employers to contribute to multiemployer pension plans as collective bargaining agreements instruct. *See* 29 U.S.C. § 1145. Shelton alleges that Krug is an employer under ERISA. Compl. ¶ 2; *see* 29 U.S.C. § 1002(5). He further alleges that she—through her own union—entered into a collective bargaining agreement that requires Fund contributions. Compl. ¶¶ 6–8; *see* Collective Bargaining Agreement at 41.[1] And he says Krug did not make those contributions for three employee groups. Compl. ¶ 10. These allegations establish Krug's liability for contributions. *Accord AMF Mech. Corp.*, 326 F.R.D. at 14.

Second, Shelton established Krug's liability for delinquent reports. He alleges that Krug agreed to report monthly covered employees' hours worked. Compl. ¶¶ 8, 10, 16. But, Shelton says, Krug did not submit these reports just as she did not make corresponding contributions. *See id.* ¶ 10. Again, these allegations establish Krug's liability. *Accord AMF Mech. Corp.*, 326 F.R.D. at 14.

Finally, Shelton established the right to audit Krug's records. "ERISA gives trustees of benefit plans the right to review the records of employers contributing to such plans." *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F. Supp. 2d 45, 53 (D.D.C. 2010) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985)). The Trust Agreement gives the Fund the same audit rights. Trust

---

[1] All record cites use the pagination generated by the Court's CM/ECF system.

Agreement § 4.4; Compl. ¶ 20.  And Shelton brings this lawsuit on the Fund and its trustees' behalf.  *See* Compl. ¶ 1; Shelton Decl. ¶¶ 2, 3.  So an audit is in order.

### B.

Now to damages.  ERISA authorizes several remedies in actions for delinquent contributions:  "(1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs," and (5) other appropriate relief.  *Flynn v. Mastro Masonry Conts.*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (cleaned up); *see* 29 U.S.C. § 1132(g)(2).  Shelton seeks each available remedy, and the Court will grant those requests.

*First*, the Court will grant $42,512.75 in damages.  *See* Pl.'s Mot. at 8; Ex. C to Shelton Decl. at 45, ECF No. 9-3.  That requested sum includes an estimated $31,910.00 in delinquent contributions, plus $4,786.50 in liquidated damages, and $5,816.25 in interest.  Ex. C to Shelton Decl. at 45.  Start with the contributions figure.  Although Shelton cannot precisely calculate the missing amount—because Krug has not provided remittance reports—he estimates the figure with "reasonable certainty."  *AMF Mech. Corp.*, 326 F.R.D. at 14 (cleaned up).  As Shelton explains, his estimate began with a list from the local union showing which employees worked for Krug.  Pl.'s Mot. at 9.  He then estimated the contributions for those employees, presuming a 40-hour workweek.  *Id.*; *see* Shelton Decl. ¶ 9 (explaining that Krug must provide contributions for "up to and including forty (40) hours per week" per employee).  Finally, he submitted a spreadsheet showing these calculations, allowing the Court to review the missing amounts due to the three employee groups for each month.  Ex. C to Shelton Decl. at 44–45.

Faced with a defendant's failure to provide reports necessary for calculating contributions, other courts have approved similar estimates.  *See, e.g.*, *Nat'l Shopmen Pension*

5

*Fund v. Builders Metal Supply, Inc.*, 304 F.R.D. 47, 50 (D.D.C. 2014) (approving a contribution estimate based on the "highest amount of hours reported to the Fund" the prior year); *Int'l Painters & Allied Trades Indus. Pension Fund v. LaSalle Glass & Mirror Co.,* 267 F.R.D. 430, 434 (D.D.C. 2010) (accepting as reasonable the plaintiffs' damage calculation using an average of existing reports); *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (emphasizing "the defendant's failure to provide periodic reports or allow the plaintiffs access to the defendant's books and records" before accepting the plaintiffs' estimate). The Court agrees and accepts Shelton's estimate "as both reasonable and as accurate as possible under the circumstances." *Extreme Granite*, 671 F. Supp. 2d at 162.

Shelton has also adequately demonstrated that the Fund is entitled to $4,786.50 in liquidated damages and $5,816.25 in interest for the missing contributions. Ex. C to Shelton Decl. at 44–45. These numbers follow from the delinquent contributions. *See* Trust Agreement § 4.5(b), (c) (authorizing liquidated damages and interest on late payments). Having evaluated Shelton's calculations, the Court finds that Shelton is entitled to the amounts he seeks. *See* Ex. C to Shelton Decl. at 44–45.

*Second*, the Court will grant $9,195.00 in attorney's fees and litigation costs. *See* Pl.'s Mot. at 9–10. Shelton's attorney submitted a declaration and billing records explaining the work completed for this case. *See* Griffin Decl., ECF No. 9-4. The attorney charged $400/hour for his work and the paralegal charged $155/hour for his work, *see id.* ¶ 4, rates that are well within the norm for such services in this district, *see Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 149 (D.D.C. 2016) (awarding attorney's fees where attorney charged $590/hour and paralegal charged $170/hour). Shelton's attorney described his experience and affirmed the accuracy of his invoice. *See* Griffin Decl. ¶¶ 6–10; Ex. A to Griffin Decl. at 6–7, ECF No. 9–4.

6

Both Shelton and his attorney also report $755 in costs. *See* Griffin Decl. ¶ 11; Shelton Decl. ¶ 12–13. The Court finds these fees and costs justified and reasonable.

*Third*, Shelton is entitled to an injunction ordering Krug to fulfil her reporting and contribution obligations and to permit an audit. *See* Compl. at 5, 6; Pl.'s Mot. at 10–12.[2] "ERISA permits a court to order other legal or equitable relief it deems appropriate, which can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." *AMF Mech. Corp.*, 326 F.R.D. at 16 (cleaned up); *see* 29 U.S.C. § 1132(g)(2)(E). In this district, "courts have awarded injunctions requiring an employer to comply with its obligations under ERISA and collective bargaining agreements." *Smith & Rogers Constr.*, 201 F. Supp. 3d at 150 (collecting cases).

To date, Krug has flouted her statutory and contractual duties from January 2019 to the present. Compl. ¶ 10. And she did not engage with this suit. In short, she "has demonstrated no willingness to comply with either [her] contractual or statutory obligations or to participate in the judicial process." *Carpenters Lab.-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007). That warrants an injunction. *Accord Bricklayers & Trowel Trades Int'l Pension Fund v. Barron*, 317 F. Supp. 3d 157, 163 (D.D.C. 2018).

The Court will direct Krug to file monthly reports as required by the parties' agreements and to pay all contributions to the Fund that may become due after the entry of judgment. She must also make all appropriate records available for audit.

---

[2] The Complaint refers to this relief as an "order" without using the term "injunction." *See* Compl. at 5, 6. But Shelton's motion for default judgment assumes he has requested an injunction. *See* Pl.'s Mot. at 11–12. So the Court construes his request for an "order" as a request for an injunction. *See Boland v. Yoccabel Const. Co.*, 293 F.R.D. 13, 20 (D.D.C. 2013) (doing the same).

**IV.**

For these reasons, the Court will grant Shelton's motion for default judgment. Krug must pay $51,707.75, representing the unpaid contributions, interest, liquidated damages, attorney's fees, and costs due. She must also provide the missing reports, submit to an audit, and comply with her contribution and reporting obligations. A separate order will issue today.

Dated: January 9, 2026                                    TREVOR N. McFADDEN, U.S.D.J.